**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| MAINE SPRINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Docket no. 2:14-cv-00321-GZS |
| | ) |
| NESTLÉ WATERS NORTH AMERICA, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PENDING MOTIONS**

Before the Court are (i) Defendant's Motion for Attorney's Fees and Costs Pursuant to Rule 54(b)(2) with Incorporated Memorandum of Law (ECF No. 22) (the "Motion for Attorney's Fees"), (ii) Plaintiff's Motion to Strike the July 8, 2015 Declaration of Attorney Rayback and Supporting Exhibits (ECF Nos. 26-2 – 26-7) and the July 8, 2015 Declaration of Attorney White and Supporting Exhibits (ECF Nos. 26-8 – 26-11) (ECF No. 27) (the "Motion to Strike") and (iii) Plaintiff's Motion for Leave to File a Surreply (ECF No. 28) (the "Motion for Leave to File").

The Motion to Strike is DENIED as to the July 8, 2015 Declaration of Attorney White and DENIED AS MOOT as to the July 8, 2015 Declaration of Attorney Rayback. The Court notes that Defendant withdrew the July 8, 2015 Declaration of Attorney Rayback in its Memorandum of Law in Opposition to Maine Springs' Motion to Strike (ECF No. 35) and the Court finds that the July 30, 2015 Declaration of Attorney Rayback (ECF No. 35-1) offers an adequate explanation for the mistakes in his earlier declaration.

The Motion for Leave to File is GRANTED.

Having considered the record in accordance with these rulings, the Motion for Attorney's Fees is DENIED for the reasons explained below.

## I.     BACKGROUND

On August 11, 2014, Plaintiff filed its Complaint and Demand for Trial by Jury (ECF No. 1) (the "Complaint"), asserting two claims against Defendant: a claim for violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and a claim for tortious interference with commercial relationships under the laws of the State of Maine.  Defendant brought a motion to dismiss the Complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6) (ECF No. 13), arguing that Plaintiff failed to allege in the Complaint either that it suffered an injury that falls within the "zone of interests" protected by the Lanham Act or that any such injury was proximately caused by Defendant.

This Court granted the Motion to Dismiss as to the claim made under the Lanham Act and dismissed without prejudice the claim made for tortious interference (ECF No. 20) (the "Order on Motion to Dismiss").  The Lanham Act claim was dismissed because this Court concluded that, as a threshold matter, Plaintiff lacked standing to bring the claim.  As explained in the Order on Motion to Dismiss, the Complaint's pleadings failed to describe a "case or controversy" under Article III of the Constitution of the United States.  Specifically, this Court concluded that the allegations made in the Complaint were insufficient to satisfy both the requirement that Plaintiff suffered an injury in fact and the requirement that such injury was fairly traceable to Defendant's allegedly unlawful actions.

On March 18, 2015, the Clerk entered judgment in favor of Defendant.  Defendant subsequently filed the pending Motion for Attorney's Fees, arguing that this case is among the

"exceptional cases" in which a court may award reasonable attorney's fees to the prevailing party in connection with a litigation under the Lanham Act.  See 15 U.S.C. § 1117(a).  Plaintiff has opposed the Motion for Attorney's Fees, making three arguments in opposition.  Plaintiff asserts that this Court lacks subject matter jurisdiction to award attorney's fees to Defendant, that Defendant is not a "prevailing party" and is therefore ineligible to be awarded attorney's fees, and that Defendant has failed to establish that this case is "exceptional," as expressly required under the Lanham Act.

## II.    DISCUSSION

As explained below, this Court has jurisdiction to rule on the Motion for Attorney's Fees.  However, under First Circuit precedent, Defendant is not a "prevailing party," a prerequisite for an award of attorney's fees.  Even if Defendant was a "prevailing party," it would not receive any attorney's fees, because this is not an "exceptional case[]" under the Lanham Act.

A.  This Court Has Jurisdiction to Award Attorney's Fees

The Court concludes that Plaintiff's jurisdictional argument fails because the weight of available precedent on the question suggests that the Court in fact has jurisdiction to decide the issue of attorney's fees.[1]

A split has developed amongst the courts that have directly considered whether a court has subject matter jurisdiction to award attorney's fees where the underlying case has been dismissed for lack of subject matter jurisdiction.  See Animal Welfare Inst. v. Feld Entm't, Inc., 944 F. Supp. 2d 1, 12-13 (D.D.C. 2013) (agreeing with the Seventh and Tenth Circuits, and disagreeing with

---

[1] Defendant argues that since this Court held that Plaintiff lacked standing to pursue its Lanham Act claim under Article III, jurisdiction over attorney's fees should be treated differently than if the claim was dismissed for lack of subject matter jurisdiction (ECF No. 26 at PageID # 259-260).  In the context of the jurisdictional and prevailing party issues raised by Plaintiff, this is a distinction without a difference.

the Eighth and Ninth Circuits, that such courts have jurisdiction to award attorney's fees); see also

Willy v. Coastal Corp., 503 U.S. 131, 137 (1992) (upholding award of sanctions under Federal

Rules of Civil Procedure 11 even where the courts lacked subject matter jurisdiction over the

underlying case).  The First Circuit has not made a direct pronouncement on this issue.

In cases where the First Circuit has considered the permissibility of attorney's fees awards

where the court lacked jurisdiction over the underlying claim, the court has proceeded to the

question of whether the defendant was a "prevailing party" under the relevant legal authority.  See

Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 164-165 (1st Cir. 2007) (affirming that

district court lacked subject matter jurisdiction over a copyright claim and reviewing related

dispute over attorney's fees by determining whether the defendant was a "prevailing party"); see

also Race v. Toledo-Davila, 291 F.3d 857, 858 (1st Cir. 2002) (affirming denial of attorney's fees

by finding that appellant was not a "prevailing party" where "[t]he record underscores the absence

of substantive review; the case ended at appellant's request before any action was taken on

defendants' motion to dismiss . . . .").  In each of these cases, the district court exercised jurisdiction

in evaluating whether attorney's fees would be awarded, and the First Circuit based its appellate

decision on a determination of whether the party seeking fees was a "prevailing party," rather than

on any jurisdictional deficiency.[2]  Following the First Circuit's lead, the Court proceeds to consider

whether Defendant is a prevailing party in this matter.

---

[2] To the extent that Plaintiff's subject matter jurisdiction argument could be viewed as raising a novel question of law in this circuit, that question need not be definitively answered by this Court.  Rather, in the absence of an explicit statement from the First Circuit that there is no jurisdiction to consider an award of attorney's fees under the Lanham Act following a dismissal for lack of subject matter jurisdiction, this Court concludes that it may exercise jurisdiction consistent with the weight of available authority, as set forth above.

B.  Defendant Is Not a Prevailing Party

The Supreme Court has defined "prevailing party" to mean a party to a litigation resulting in a "judicially sanctioned change in the legal relationship of the parties" that provides "judicial relief" to that party.  Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 605-606 (2001).  To be considered a prevailing party, the party must demonstrate both a "material alteration of the legal relationship of the parties" and a "judicial imprimatur on the change."  Aronov v. Napolitano, 562 F.3d 84, 89 (1st Cir. 2009).  The First Circuit has held that "Buckhannon is presumed to apply generally to all fee-shifting statutes that use the 'prevailing party' terminology . . . ."  Doe v. Boston Pub. Sch., 358 F.3d 20, 25 (1st Cir. 2004).

After Buckhannon was decided, a circuit split quickly developed as to whether only "judgments on the merits" and "consent decrees," the two forms of judicial relief explicitly mentioned in Buckhannon, can provide a basis for a party to be deemed a "prevailing party."  See Smith v. Fitchburg Pub. Sch., 401 F.3d 16, 23 (1st Cir. 2005) (noting that "[t]here is disagreement among our sister circuits whether the Supreme Court intended 'judgments on the merits' and 'consent decrees' to be the only forms of success conferring prevailing party status, or whether these two forms are mere examples of the types of relief that can confer such status.").

After previously reserving judgment on the scope of the rule promulgated by Buckhannon, the First Circuit concluded in 2007 that, where the court lacked subject matter jurisdiction over a copyright infringement action, the defendant in that dismissed action "cannot qualify as a prevailing party because it has not received a judgment on the merits."  Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 164 (1st Cir. 2007) (holding that dismissal for lack of subject matter jurisdiction was not a judgment on the merits).  Likewise, in Castaneda-Castillo v. Holder, 723

5

F.3d 48 (1st Cir. 2013), the First Circuit confirmed that "[a] party's mere success in accomplishing its objectives . . . is insufficient to confer it prevailing party status." Id. at 57. Rather, the First Circuit's reading of Buckhannon permits only parties obtaining a judgment on the merits or a consent decree to assert "prevailing party" status under a fee-shifting statute. Id. ("The Supreme Court has held that there are only two situations that meet the judicial imprimatur requirement: (1) where the party has received a judgment on the merits or (2) where the party obtained a court-ordered consent decree." (internal quotations omitted)).

Quite simply, the Court's judgment in favor of Defendant in this case flowed from the Court's determination that Plaintiff lacked the requisite Article III standing to assert a violation of the Lanham Act. Thus, Defendant did not receive a judgment on the merits of the Lanham Act claim. Under the First Circuit's reading of Buckhannon, this result does not elevate Defendant to the status of a "prevailing party."[3]

C. This Case Is Not "Exceptional" Under the Lanham Act

Even if Defendant was a prevailing party, the Court would nonetheless find that this case does not meet the "exceptional" benchmark for an award of attorney's fees.

The Lanham Act provides, "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). A district court has discretion to conclude that a case is "exceptional" and to award the prevailing party attorney's fees if, after reviewing the totality of the circumstances, it finds that "equitable considerations justify

---

[3] In recent years, several other circuits have more broadly construed the holding in Buckhannon. See, e.g., District of Columbia v. Straus, 590 F.3d 898, 901 (D.C. Cir. 2010); Scarangella v. Group Health, Inc., 731 F.3d 146, 154 (2d Cir. 2013) (quoting Perez v. Westchester County Dept. of Corrections, 587 F.3d 143, 150-151 (2d Cir. 2009); People Against Police Violence v. City of Pittsburgh, 520 F.3d 226, 232 (3d Cir. 2008). However, the First Circuit has adopted the more narrow approach, as explicitly stated as recently as 2013 in Castaneda-Castillo.

such [an award]." Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd., 282 F.3d 23, 31 (1st Cir. 2002) (quoting S. Rep. 93–1400, at 6 (1974), reprinted in 1974 U.S.C.C.A.N. at 7137).

The First Circuit has not identified what particular test should be applied to determine whether a case is exceptional "in the context of a prevailing *defendant*." Ji v. Bose Corp., 626 F.3d 116, 129 (1st Cir. 2010) (emphasis in original). Other courts have construed the available precedent to require a prevailing defendant to "show something less than bad faith, such as a plaintiff's use of groundless arguments, failure to use controlling law, and generally oppressive nature of the case." Empire Today, LLC v. National Floors Direct, Inc., 788 F. Supp. 2d 7, 31 (D. Mass. 2011). See also Ji, 626 F.3d at 129 ("[B]oth parties agree that the standard applied by the district court—requiring 'something less than . . . bad faith,' such as a 'plaintiff's use of groundless arguments, failure to cite controlling law and generally oppressive nature of the case'—was correct. For purposes of this appeal, we assume without deciding that this is true."). The First Circuit has made clear that the touchstone of any decision to award attorney's fees under the Lanham Act is that "equitable considerations justify such [an award]." Tamko Roofing Prods., 282 F.3d at 31 (internal quotation omitted).

Upon a comprehensive review of the record, it is clear that equitable considerations do not justify an award of attorney's fees to Defendant. The record does not support the conclusion that Plaintiff acted in bad faith, employed patently groundless arguments, failed to cite controlling law, or acted in a manner which oppressed, harassed, or intimidated Defendant. In short, nothing in the record persuades the Court that this case qualifies as exceptional. The most exceptional aspect of this case is the fact that Defendant has made the pending request for attorney's fees.

### III.    CONCLUSION

For the reasons just stated, the Court hereby DENIES the Motion for Attorney's Fees and Costs (ECF No. 22), DENIES in part and DENIES AS MOOT in part the Motion to Strike (ECF No. 27) and GRANTS the Motion for Leave to File a Surreply (ECF No. 28).


SO ORDERED.

/s/ George Z. Singal

United States District Judge

Dated this 2nd day of November, 2015